UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

ALINE MILLER,                                                        6:14-CV-785-TC

                        Plaintiff,

        v.                                                           ORDER

FORD MOTOR COMPANY, a Delaware
Corporation,

                                    Defendant.
_____

COFFIN, Magistrate Judge:

    Plaintiff brings this action for product liability against Ford for damages arising from a fire

allegedly originating in plaintiff's Ford Escape. Plaintiff alleges that the fire spread to and damaged

her dwelling and that she fractured her heel in a fall while escaping the fire. The action was

originally filed in the Circuit Court of the State of Oregon, but Ford removed it to this court on the

basis of diversity.

    Presently before the court is Ford's motion (#10) for summary judgment. Ford contends that

Oregon's Statue of Ultimate Respose bars plaintiff from recovery for any damages caused by the fire.

Page 1 - ORDER

### Legal Standard

Federal Rule of Civil Procedure 56 allows the granting of summary judgment:

> if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). There must be no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

The movant has the initial burden of establishing that no genuine issue of material fact exists or that a material fact essential to the nonmovant's claim is missing. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). Once the movant has met its burden, the burden shifts to the nonmovant to produce specific evidence to establish a genuine issue of material fact or to establish the existence of all facts material to the claim. Id.; see also, Bhan v. NME Hosp., Inc., 929 F.2d 1404, 1409 (9th Cir. 1991); Nissan Fire & Marine Ins. Co., Ltd., v. Fritz Cos., Inc., 210 F.3d 1099, 1105 (9th Cir. 2000). In order to meet this burden, the nonmovant "may not rely merely on allegations or denials in its own pleading," but must instead "set out specific facts showing a genuine issue of fact for trial." Fed. R. Civ. P. 56(e).

Material facts which preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case. Anderson, 477 U.S. at 248. Factual disputes are genuine if they "properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. On the other hand, if, after the court has drawn all reasonable inferences in favor of the nonmovant, "the evidence is merely colorable, or is not significantly probative," summary judgment may be granted. Id.

Page 2 - ORDER

## Discussion

Defendant states that the outcome of this case is dictated by examining the text, context, and legislative history of the 2009 amendments to ORS 30.905(2). The court's task in construing a statutory provision is to discern the intent of the legislative body that adopted the provision. ORS 174.020; PGE v. Bureau of Labor and Industries, 317 Or 606, 610, 859 P2d 1143 (1993). To discern legislative intent, the court begins by examining the statutory text and context and, if it appears useful to the analysis, any legislative history offered by the parties. ORS 174.020; State v. Gaines, 346 Or 160, 171-72, 206 P3d 1042 (2008). "A statute should, if possible, be construed as to avoid absurd or unreasonable results." James v. Carnation Co., 278 Or 65, 72-73, 562 P2d 1192 (1977). A court should also be guided by the "rules of construction of the statutory text that bear directly on how to read the text." PGE, 317 Or at 611, 859 P2d 1143. Thus, for example, the court may not "insert what has been omitted, or...omit what has been inserted." Id.; see also ORS 174.010. In determining the context, Oregon courts look at provisions of the same statute and other related statutes. Id.

Oregon's product liability Statute of Ultimate Repose, as adopted in 2009, provides as follows:

> (2) A product liability civil action for personal injury or property damage must be commenced before the later of:
> (a) Ten years after the date on which the product was first purchased for use or consumption; or
> (b) The expiration of any statute of repose for an equivalent civil action in the state in which the product was manufactured ....

ORS 30.905(2) .

Page 3 - ORDER

In the present case, the Ford Escape was manufactured in Missouri, a state which has no statute of ultimate repose. Because ORS 30.905 (2) requires Oregon to "look away" to the law of Missouri, plaintiff's claim is not subject to any statute of repose. There is no language in ORS 20.905 (2) that suggests that a claimant should look away to another state's laws and then look back to Oregon if that state has no statute of ultimate repose.

ORS 30.905 was introduced to the Oregon legislature on January 16, 2009 as Senate Bill 284 ("SB 284"). SB 284 increased the statute of repose for product liability cases from eight years to ten years, and also added the "look away" provision contained in ORS 30.905(2)(b). The "look away" provision allows a claimant in a product liability case to look to the statute of repose of the state in which the product at issue was manufactured. That state's repose period can then be substituted for Oregon's ten-year limit for the purposes of determining whether the claim is barred by a statute of repose  The Senate intended that SB 284 would allow another state's laws – including the absence of a statute of repose – to govern the statute of repose in Oregon. This understanding was reflected in the work session held on April 28, 2009, at 8:30 a.m., by the Senate Judiciary Committee. The Committee discussed the testimony of an Oregon citizen who was injured by a product and could not sue in Oregon because the Oregon statute of repose had run. Work Session on SB 284, Senate Judiciary Committee, audio file at 00:24:45 – 00:28:50 (Or 2009). The injured Oregon citizen in that case was able to travel to Wisconsin and sue in Wisconsin state court because the product was manufactured in Wisconsin, and Wisconsin did not have a statute of repose at that time. Id.; Allen C. Schlinsog, Jr., Wisconsin's Tort Reform: A Victory for Manufacturers, http://apps.americanbar.org/litigation/committees/products/articles/spring2012-wisconsintort-reform.html (Wisconsin would eventually enact a statute of repose in 2011.). In its discussion of SB

Page 4 - ORDER

284, the Oregon Senate Judiciary Committee specifically stated that, if the scenario were to arise again under enacted SB 284, the injured Oregon citizen would not have to travel to Wisconsin, but would be able to look to Wisconsin's statute of repose and bring suit in Oregon court. Work Session on SB 284.

As stated, in the present case, the Ford SUV was manufactured in Missouri. Like the claimant contemplated by the Senate Judiciary Committee, plaintiff was injured by a product that was manufactured in a state without a statute of ultimate repose. The Senate Judiciary Committee specifically noted that, in such a situation, SB 284 (now ORS 30.905(2)) would allow a plaintiff to "look away" to the law of the state of manufacture for the purposes of determining the period of ultimate repose, and that the result would be that the claim would not be time-barred. Missouri, like Wisconsin did in 2009, does not have a statute of repose. Plaintiff is therefore allowed to "look away" to that unlimited time in which to bring the claim, as the legislature intended.

The Senate Judiciary Committee's interpretation of the "look away" provision was affirmed and voted through on May 26, 2009. The Legislative News Release from that same day stated:

> This Senate passed legislation this morning that keeps courtroom doors open for consumers harmed by dangerously defective products that are greater than 8 years old. SB 284 increases the statute of ultimate repose – age of a defective product – for product liability actions from its current limit of 8 years to 10 years. The bill also includes a "look away" provision to the state of manufacture, giving the injured party the length of time allowed in the state where the product was originated.

Oregon Legislative News Release, 5/26/2009 (emphasis added). Thus, a product manufactured in Oregon would have a ten-year statute of repose, and a product manufactured in a state with no statute of repose would have an unlimited time frame for an injured party to bring suit, subject, of course,

Page 5 - ORDER

to the statute of limitations. As indicated by the Oregon Legislative News Release, it is irrelevant if the other state in which the product was manufactured had no statute of repose. The focus is on adopting the other state's time limit, even if that means there is no time limit. Defendant's assertion that in a case where the state of manufacture has no statute of repose the plaintiff must rely upon Oregon's ten-year statute is incorrect and contrary to the spirit of the law. SB 284 was intended to help Oregon citizens get their day in court, and it would be illogical to believe that a state with a ten-year statute of ultimate repose is more favorable to an injured person than a state without a statute of ultimate repose. The legislative intent is clear. SB 284 was intended to give an "injured party the length of time allowed in the state where the product was originated." Oregon Legislative News Release, 5/26/2009.

Moreover, when SB 284 moved into the Oregon House of Representatives for discussion, the "look away" provision received heavy scrutiny. Third Reading on SB 284 before the House of Representatives; 06/12/2009 at 9:45 a.m., audio file starting at 01:56:20 and ending at 02:29:12 (Or 2009). Both proponents and opponents of SB 284 recognized that it could allow another state's statute of repose to apply in Oregon. Id. Proponents advocated for the "look away" provision on the logic that Oregon citizens should be protected equally and gain the same privileges as other state citizens in a product liability claim. Id. Furthermore, businesses that manufacture products in another state should be aware of that state's laws. Id. Moreover, it would not be unfair to the business if the state of the manufacturer's statute of repose applied to them in Oregon. Id.

In addition, it was explicitly considered that SB 284, if passed, would allow a person to look to another state's lack of a statute of ultimate repose in order to bring a claim. Specifically, in

Page 6 - ORDER

opposition to the bill, Representative Gene Whisnant stated that:

> what this bill does is implement a radical 'look around' approach…that only one other state has adopted…Senate Bill 284 would delegate Oregon's legislative authority to other states by applying the statute of repose, <u>or lack thereof</u>, of the state of the original manufacture[.]"

Id (emphasis added).

Plaintiff persuasively argues that the legislative history is consistent and clear. The purpose of ORS 30.905(2)(b) was to give an Oregon citizen the most favorable statute of repose available, including an unlimited time frame, if the state of manufacture did not have a statute of repose. ORS 30.905(2)(b) allows the plaintiff in a product liability case to seek the statute of repose where the product was manufactured. Plaintiff was injured by a product made in Missouri. Missouri does not have a statute of repose. Plaintiff is entitled to use Missouri's lack of a statute of repose pursuant to ORS 30.905 and defendant's motion for summary judgment is denied.

Defendant's arguments to the contrary are not persuasive. Defendant argues that the Legislature did not intend  for the "application"of a statute of ultimate repose that does not exist. Defendant argues  that if there is no statute of repose in the state of manufacture, there is no other statute of repose to apply, and Oregon's ten-year statute of repose applies.

Defendant contends that to accept plaintiff's argument, this court would have to delete the "larger of" language in ORS 30.905(2), insert the words "for products manufactured in Oregon" into the text of ORS 30.905(2)(a) and insert the words "even in the absence of a statute of repose" into the text of ORS 30.905(2)(b) and defendant argues  that this court  may not insert what the

Page 7 - ORDER

Legislature omitted, nor omit what the Legislature inserted. ORS 174.010.

Defendant argues that, in discussing the "look away" provision, the Legislature looked to Nebraska's Statute of Ultimate Repose. Declaration of Jessica D. Osborne, Exhibit 1; Digital Recording, House Third Reading, HB 284, June 12, 2009, available at: https://olis.leg.state.or.us/liz/2009R1/2009-06-12. Nebraska is the only other state that has a "look away" provision. The Nebraska statute provides as follows:

> (2)(a) Notwithstanding subsection (1) of this section or any other statutory provision to the contrary, any product liability action, except one governed by section 2-725, Uniform Commercial Code or by subsection (5) of this section, shall be commenced as follows:
> (i) For products manufactured in Nebraska, within ten years after the date the product which allegedly caused the personal injury, death, or damage was first sold or leased for use or consumption; or
> (ii) For products manufactured outside Nebraska, within the time allowed by the applicable statute of repose, if any, of the state or country where the product was manufactured, but in no event, less than ten years. If the state or country where the product manufactured does not have an applicable statute of repose, then the only limitation upon the commencement of an action for product liability shall be [the statute of limitations].

Neb. Rev. Stat. § 25-224.

Defendant argues that the differences between the Nebraska statute and the ultimate language adopted by the Oregon Legislature in ORS 30.905(2) are striking. Unlike Section 25-224(2)(a)(i) of the Nebraska statute which explicitly limits the ten-year statute of repose to products manufactured in Nebraska, ORS 30.905(2)(a) has no such limitation. Unlike Section 25-224(2)(a)(ii) of the

Nebraska statute which expressly states where no statute of repose exists in the statute of manufacture, no repose period will apply, ORS 30.905 (2)(b) has no such qualification.

Defendant argues the Legislature was well aware of the limiting and qualifying language of Nebraska's Statute of Ultimate Repose, having cited to the Nebraska statute often in its discussion of SB 284. Defendant argues that had the Legislature intended for Oregon's ten-year Statute of Ultimate Repose to apply only to products manufactured in Oregon, it certainly could have said so, as the Nebraska Legislature did. And defendant argues that had the Legislature intended that no statute of repose would apply where the state of manufacture has not adopted a statute of repose, it could have said so, as the Nebraska Legislature did. The Oregon Legislature did not include such limiting and qualifying language. Defendant argues that the only reasonable interpretation for this is that the Legislature intended for the ten-year statute of repose to apply to all product liability actions, regardless of state of manufacture, unless the state of manufacture provides for a repose period longer than ten years. However, as discussed in detail above, the text, context and legislative history of the statute do not support defendant's interpretation of the Legislature' intent for the statute.

Defendant's last argument is also not persuasive. Defendant argues that interpreting ORS 30.905(2) as plaintiff does would lead to an absurd result. Defendant argues that time and time again, the Legislature has stressed the importance of the Statute of Ultimate Repose in establishing a predictable time period in which a manufacturer would be exposed to liability and that plaintiff's interpretation of the statute creates uncertainty and abrogates the public policy reasons behind the creation of the Statute of Ultimate Repose in 1977. However, as discussed in Oregon House of Representatives, businesses that manufacture products in another state should be aware of that

Page 9 - ORDER

state's laws. Third Reading on SB 284 before the House of Representatives; 06/12/2009 at 9:45 a.m.,

audio file starting at 01:56:20 and ending at 02:29:12 (Or 2009). Moreover, it would not be unfair

to the business if the state of the manufacturer's statute of repose applied to them in Oregon. Id, and,

all things considered, plaintiff's interpretation of the statute would not lead to an absurd result.


### Conclusion

Defendant Ford's motion (#10) for summary judgment is denied.


DATED this **27** day of October, 2014 .


_____
THOMAS M. COFFIN
United States Magistrate Judge